IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCUS MONTEZ SPANGLER, )
AIS #188712, )
)
Plaintiff, )
)
v. ) CASE NO. 2:16-CV-844-MHT
)
T. PITTMAN, et al.,[1] )
)
Defendants. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Marcus Montez Spangler ("Spangler"), an indigent state inmate currently incarcerated at the Bullock Correctional Facility. In the complaint, Spangler alleges that on August 21, 2016, a day prior to surgery on his ankle, Sgt. Bowens and Lt. Scott took his wheelchair from him. *Doc. No.* 1 at 2-3. Spangler further alleges that officers Bouier, Joshua Pittman and Jonathan Pittman used unnecessary force against him on September 15, 2016. *Id*. at 3

Pursuant to the orders of this court, the defendants filed a special report and supplement thereto supported by relevant evidentiary materials, including affidavits and medical records, in which they address the claims for relief presented by Spangler. The reports and evidentiary materials refute the self-serving, conclusory allegations presented by Spangler. Specifically, defendants Bowens and Scott maintain that Spangler's

---

[1]The plaintiff names twin correctional officers with the last name Pittman as defendants. In their special report, the defendants identify these individuals as Joshua and Jonathan Pittman.

allegation regarding their taking his wheelchair did not occur as stated by the plaintiff because Lt. Scott was not present at Bullock on the date of the alleged incident. *Doc. No. 18-1* at 1; *Doc. No. 18-2* at 1.[2] In addition, the Pittman brothers maintain they had no physical contact with Spangler on the date in question because each was assigned as a cubicle officer in different areas of the facility and neither left their cubicle during the time of the alleged altercation. *Doc. No. 18-3*; *Doc. No. 18-4*; *Doc. No. 18-6*. Officer Bouier maintains that she encountered Spangler on the morning of September 15, 2016 as he was sitting on the floor in front of the Dorm C window but asserts she had no physical contact with him. *Doc. No. 21-1* at 2-3 ("At approximately 6:02am, I observed inmate Marcus Spangler sitting in the middle of the floor in front of C Dormitory window. I ordered inmate Marcus Spangler to stand and return to his assigned dormitory. Inmate Spangler refused [this order]. Inmate Spangler proceeded to yell obscenities at me and Officer Pittman - [the cubicle officer for Dorm C]. I advised Sgt. Daniel Gay of the incident via hand held radio. Sgt. Gay arrived to the scene at approximately 6:07am and verbally reprimanded inmate Spangler. Sgt. Gay then ordered inmate Spangler to stand and return to his assigned dormitory. Inmate Spangler complied and no further action was taken."). The unrefuted evidentiary materials further demonstrate that Capt. David Lamar conducted

[2]As it is undisputed that Lt. Scott was not at Bullock on August 21, 2016, it is apparent that Spangler perjured his complaint with respect to his claim regarding the taking of his wheelchair by this defendant on the aforementioned date. The court finds that this action by Spangler undermines the credibility of the entire complaint.

an investigation of the September 15, 2016 incident and determined "there was NO FORCE USED against inmate Spangler" by correctional officers. *Doc. No. 18-6*.

In light of the foregoing, the court issued an order directing Spangler to file a response to the defendants' written report. *Doc. No. 20*. The order advised Spangler that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. (emphasis in original). The time allotted Spangler for filing a response in compliance with the directives of this order expired on February 9, 2017. Spangler has failed to file a requisite response in opposition to the defendants' written reports. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Specifically, Spangler is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Spangler's inaction in the face of the defendants' evidence, which indicates Spangler provided false statements in his complaint, suggests a loss of interest in the continued prosecution of this case. Finally, the evidentiary materials submitted by the defendants, which are at this point undisputed by the plaintiff, demonstrate that no violation

of the Constitution occurred. It therefore appears that any additional effort by this court to secure Spangler's compliance would be unavailing and a waste of scarce judicial resources. Consequently, the court concludes that Spangler's abandonment of his claims and* his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for his failure to comply with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

It is further ORDERED that on or before March 7, 2017 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-

1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 21st day of February, 2017.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE